UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONIA BABBITT,

    Plaintiff(s),

v.

TRAVIS NIELSEN, et al.,

    Defendant(s).

Case No.: 2:18-cv-02076-RFB-NJK

**ORDER**

[Docket No. 24]

Pending before the Court is Plaintiff's motion to amend the complaint. Docket No. 24. Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 24, 30. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is hereby **GRANTED**.[1]

**I.    STANDARDS**

Requests for leave to amend the pleadings filed before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality."

---

[1] It is within a magistrate judge's authority to grant leave to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs.*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

1

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**II.  ANALYSIS**

Defendants oppose the instant motion on two grounds. First, Defendants contend that the amendment regarding Nielsen's missionary status is improper on the basis of undue delay. Second, Defendants contend that all of the other proposed amendments fail on the basis of futility. As explained more fully below, neither contention is meritorious.

### A.  Undue Delay

Defendants first argue that the proposed amendments regarding Nielsen's status as a missionary fail because that fact was known to Plaintiff previously. Docket No. 29 at 3-5. As noted by Plaintiff, *see* Docket No. 30 at 9, the Ninth Circuit has long made clear that delay, standing alone, is insufficient to justify denying leave to amend. *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Moreover, "[a] strong presumption against a finding of undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015). The discovery cutoff in this case remains months away, and no showing of prejudice or bad faith has been made here. As such, the Court is unpersuaded that any delay suffices to deny this aspect of the motion for leave to amend.

### B.  Futility

Defendants next raise a panoply of arguments that the remaining proposed amendments are futile. Docket No. 29 at 5-10. Plaintiff responds that these proposed amendments are not futile. Docket No. 30 at 5-9. The Court declines to opine on the parties' competing positions at

2

this stage. Courts are empowered to deny leave to amend based on the futility of the proposed amendment. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). Defendants provide no reason why the Court should chart a different course here. The Court declines to do so, and finds Defendants' futility arguments premature and insufficient to deny leave to amend.

**III. CONCLUSION**

For the reasons discussed above, the motion for leave to amend is hereby **GRANTED**. Plaintiff shall promptly file and serve the amended complaint. *See* Local Rule 15-1.

IT IS SO ORDERED.

Dated: February 25, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

3