UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONIA BABBITT,

    Plaintiff(s),

v.

CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF LATTER-DAY SAINTS, et al.,

    Defendant(s).

Case No.: 2:18-cv-02076-RFB-NJK

**ORDER**

[Docket No. 52]

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant Isiah Jacobs[1] and for leave to serve Mr. Jacobs by publication. Docket No. 52. Defendants filed a response in opposition and Plaintiff filed a reply. Docket Nos. 53, 54. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend the time to serve Mr. Jacobs is **GRANTED**, and the request to serve Mr. Jacobs by publication is **DENIED WITHOUT PREJUDICE**.

**I.    Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Mr. Jacobs to July 22, 2019.

---

[1] The amended complaint names "Isiah Jacobs" as a Defendant, Docket No. 33, but some evidence in the record seems to indicate that his name is actually "Isaiah Jacobs," Docket No. 53-1.

1

**II.    Motion to Leave to Serve by Publication**

Plaintiff also seeks leave to serve Mr. Jacobs by publication.  Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service is to be provided pursuant to the law of the forum state, or in which service is made.  *See* Fed. R. Civ. P. 4(e)(1).  Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant.  *See* Nev. R. Civ. P. 4.4(c)(1)(a).  Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so.  *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)).  Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members.  *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

Here, Plaintiff made a single attempt to serve Mr. Jacobs at his last known address; left messages after calling an unconfirmed telephone number; searched social media; looked for records at the assessor's office and the Department of Motor Vehicles; and reviewed criminal records.  Docket No. 52-1.  Plaintiff was informed by a third-party that in August 2018, Mr. Jacobs moved to "the Salt Lake area."  *Id.*  Nonetheless, Plaintiff has not documented efforts to locate Mr. Jacobs in Utah, which is fatal to her request to serve by publication.  *Cf. Bank of N.Y. Mellon v. Seven Hills Master Cmty. Ass'n*, 2016 U.S. Dist. Lexis 144077, at *3 (D. Nev. Oct. 18, 2016) (denying motion for service by publication because, given information that the unserved defendant resides in Lebanon, attempts to locate and serve him there were required to establish diligence).[2]

---

[2] Plaintiff's motion and supporting documentation is not well-developed.  To the extent she has made efforts to locate Mr. Jacobs in Utah, those efforts are not clearly specified in the motion or supporting documentation.

It is also not entirely clear from the record whether Plaintiff has been searching for Mr. Jacobs using the correct spelling of his first name. *Compare* Docket No. 33 *with* Docket No. 53-1.[3]

These circumstances do not justify allowing service by publication.

**III.   Conclusion**

Accordingly, the Court **GRANTS** the motion to extend the deadline to effectuate service on Mr. Jacobs, and **DENIES WITHOUT PREJUDICE** the request for leave to serve Mr. Jacobs by publication. The deadline to serve Mr. Jacobs is extended to July 22, 2019.[4]

IT IS SO ORDERED.

Dated: June 21, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The reply speculates that the process server "could search for Mr. Jacobs based on either spelling." Reply at 2. Whether someone "could" search and whether someone "did" search are entirely different matters. No showing has been made that the process server searched for Mr. Jacobs using both potential spellings of his first name.

[4] In violation of the local rules, Plaintiff includes in her reply a request to file a supplement to the briefing on the motion to dismiss. *See* Reply at 2-3. A reply brief is not an appropriate vehicle to request relief from the Court. *See, e.g.*, Local Rule 7-2(a) (addressing the manner in which motions must be made). Counsel are also not permitted to include various divergent issues in a single filing. *See* Local Rule IC 2-2(b). Given that this request was raised improperly, the Court expresses no opinion on the merits of the request.

3